STATE OF CONNECTICUT *v.* DEVON TAYLOR
(AC 17995)

Foti, Schaller and Sullivan, Js.

Argued January 12—officially released April 20, 1999

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Timothy J. Sugrue*, executive assistant state's attorney, with whom, on the brief, were *James Thomas*, state's attorney, and *Rosita Creamer*, senior assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Devon Taylor, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a and criminal possession of a firearm in violation of General Statutes § 53a-217. The defendant's sole claim on appeal is that the trial court improperly denied his motion to sever the charges.[1] We affirm the judgment of the trial court.

The defendant was charged with murder and criminal possession of a firearm, an essential element of which is a prior felony conviction.[2] Prior to trial, the defendant moved to sever the murder charge from the weapons charge on the ground that the evidence of his prior felony conviction for the purpose of proving the weapons charge would have a prejudicial impact on the jury in its consideration of the murder charge. The trial court denied the motion, ruling that it could contain any undue prejudice with an appropriate limiting instruction. The defendant subsequently stipulated that he had been previously convicted of larceny in the second degree, a class C felony. On the last day of the state's evidence, the trial court informed the jury of the

---

[1] Practice Book § 41-18 provides in relevant part: "If it appears that a defendant is prejudiced by a joinder of offenses, the judicial authority may . . . order separate trials of the counts . . . ."

[2] General Statutes § 53a-217 (a) provides in relevant part: "A person is guilty of criminal possession of a firearm . . . when . . . he possesses a firearm . . . and has been convicted of . . . a class A felony . . . a class B felony . . . a class C felony . . . or a class D felony . . . ."

stipulation and, at the same time, gave the jury a limiting instruction.[3] The trial court repeated the identical limiting instruction in its charge to the jury.[4] The defendant did not testify at trial.

The jury reasonably could have found that the defendant shot the victim, Jay Murray, with a revolver in the course of a drug transaction in Hartford involving the defendant as seller and the victim as buyer. The victim and Ronald Wightwood, the victim's companion, were attempting to purchase drugs. They met the defendant and indicated to him that they wanted cocaine. The defendant and the victim discussed the purchase and the defendant entered the victim's pickup truck and drove it to the vicinity of a car wash on Albany Avenue. The defendant exited the truck and retrieved a plastic bag containing a white powdery substance, which he gave to the victim. After the victim sampled and rejected the substance, the defendant drove the truck and its occupants to Milford Street. The defendant left the truck but returned several minutes later and shot the victim with a revolver through the driver's side window of the truck. All of those events occurred in the presence of Wightwood. The police found $150 in the truck and also found the defendant's fingerprints on the exterior and interior of the truck. At trial, Wightwood identified the defendant as the shooter.

The defendant argues that he was substantially prejudiced with respect to defending against the charge of

---

[3] When the stipulation was admitted in evidence, the trial court instructed the jury that "such evidence is being admitted at this time solely to prove one element of the crime of criminal possession of a firearm under § 53a-217 of our General Statutes. You may not consider this evidence as establishing a predisposition on the part of Mr. Taylor to commit a crime or to demonstrate criminal propensity."

[4] The limiting instruction was followed by a further statement: "You may not consider such evidence for any other reason except as to prove one element of the crime of criminal possession of a firearm, the crime charged in count two."

murder by the evidence of his prior felony conviction in view of the brevity of the trial, the disputed nature of the identification testimony, the fact that the conviction would not otherwise have been admissible because he did not testify, and the prosecutor's use of the defendant's prior conviction in her closing argument. The state argues that a denial of severance is discretionary and that our decision in *State* v. *Davis*, 51 Conn. App. 171, 180–84, 721 A.2d 146 (1998), is dispositive.

We conclude that *Davis* is dispositive of the issue in this case. *Davis* involved a similar situation. In *Davis*, the defendant made a similar request to sever a criminal possession charge under § 53a-217. The defendant claimed, as in the present case, that the proof of a prior felony conviction would have a prejudicial impact on the jury in its consideration of the other counts. The defendant further claimed that the prejudicial impact was increased because the trial court failed to issue any cautionary instruction and the defendant did not testify. The defendant in *Davis*, as in the present case, stipulated that he had been previously convicted of a felony.

We held in *Davis* that the defendant did not establish that he was substantially prejudiced by the trial court's denial of his motion to sever despite the failure of the trial court to give any cautionary instruction to the jury and the fact that the defendant did not testify. In doing so, we stated: "The question of severance lies within the discretion of the trial court. We will not disturb the trial court's conclusion on the issue absent a clear abuse of discretion. The discretion to sever a trial should be exercised only if a joint trial will substantially prejudice the defendant. Substantial prejudice is more than disadvantage and the formidable task of demonstrating an abuse of discretion and that a joint trial resulted in substantial prejudice falls to the defendant. . . . Simply put, the test to be applied is whether substantial

injustice will result if the charges are tried together." (Citations omitted; internal quotation marks omitted.) Id., 180–81.

We further stated the applicable law as follows: "The trial court correctly applied *State* v. *Banta*, [15 Conn. App. 161, 167, 544 A.2d 1226, cert. denied, 209 Conn. 815, 550 A.2d 1086 (1988)], in its decision not to sever or bifurcate the count at issue. In *Banta*, the defendants were charged with violating General Statutes § 53a-217 and each requested that the trial court sever that count for a separate trial. The trial court denied the motions. The *Banta* defendants likewise claimed that they were substantially prejudiced because proof of a prior felony conviction was an essential element of General Statutes § 53a-217. In determining whether one of the *Banta* defendants was so prejudiced, this court set forth five factors to evaluate: (1) the manner in which the evidence entered the case and the extent of the jury's knowledge of the facts underlying the prior felony conviction, (2) the adequacy of any cautionary instructions given by the court, (3) the use of the prior felony evidence by the prosecution in argument to the jury, (4) the likelihood that the prior felony conviction evidence will inflame the passions of the jurors in light of the nature of the offenses charged and (5) the strength of the evidence against the defendant. See *State* v. *Banta*, supra, 170–71." *State* v. *Davis*, supra, 51 Conn. App. 181–82.

As in *Davis*, we analyze the defendant's claim in light of the five factors in *Banta*. Applying the five *Banta* factors to the present case, we reach the same conclusion that we reached in *Davis*.

The first factor requires consideration of the manner in which the evidence of the defendant's prior felony conviction was entered and the amount of detail the jury was given with respect to that conviction. Here,

the jury was made aware of the defendant's prior felony conviction by way of a stipulation through which the jury learned only that the defendant had been convicted of larceny in the second degree, a class C felony. The jury was not given any details about the conviction or the sentence that the defendant received. This factor does not weigh in the defendant's favor.

The second factor deals with the adequacy of the cautionary instruction given by the trial court. In the present case, the trial court gave a limiting instruction at the time the stipulation was presented to the jury and repeated the limiting instruction in its charge to the jury.[5] This factor does not weigh in the defendant's favor.

The third factor involves the use of the defendant's prior felony conviction in the prosecution's argument to the jury. Here, the prosecutor made a single reference to the conviction during the state's rebuttal argument. The only reference to the conviction was in a review of the stipulation as it related to the elements of the criminal possession charge. Although the defendant argues that the prosecutor obliquely referred to the larceny conviction in discussing a possible robbery motive, the prosecutor did not specifically mention the conviction in that respect. We believe that it is unlikely that a single reference to the defendant's prior felony conviction would substantially prejudice the defendant.

The fourth factor concerns the likelihood that evidence of the prior conviction will inflame the passions of the jurors in light of the nature of the offenses charged. The defendant makes no claim as to this factor. We therefore do not review it.

The final factor is the strength of the evidence against the defendant. Here, the defendant claims that the evidence was disputed, there was variance in the descriptions of the shooter and the trial was brief, thereby

[5] See footnotes 3 and 4.

magnifying the importance of the conviction. As in *Banta* and *Davis*, the evidence against the defendant in this case "was neither sparse nor unconvincing." *State* v. *Banta*, supra, 15 Conn. App. 172. The state presented testimony from Wightwood, who had accompanied the victim during the entire episode. Wightwood accurately described the defendant and identified him as the shooter. The state also introduced evidence that the defendant's fingerprints were found on both the exterior and interior of the victim's truck. In light of this substantial evidence against the defendant, we conclude that it is unlikely that evidence of the defendant's prior felony conviction prejudiced the jury so as to affect the outcome of the case. This factor does not support the defendant's claim.

Applying all the factors to the circumstances of this case, we conclude, as we did in *Davis*, that the trial court did not abuse its discretion in denying the defendant's motion to sever the weapons count.

The judgment is affirmed.

In this opinion the other judges concurred.